IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






NO. PD-0521-05






Ex parte JAMES S. MASONHEIMER, Appellee






On Discretionary Review of Case 11-03-00234-CR of the

Eleventh Court of Appeals from

Taylor County





 Womack, J., filed a dissenting opinion, in which Keller, P.J., joined.



I.


 As I understand the facts, there was no Brady violation in the first mistrial.

 First, the evidence wasn't unknown to the defendant. The evidence in question was
something that he said to a neighbor after he shot the deceased. It's pretty hard for a defendant to
claim that he has been denied discovery of something he said to a non-officer.

 Second, the existence of the statement was not undisclosed. The witness referred to it in
direct examination, and it all came out. Even if the State had a wicked mind, there was no wicked
result.

 Third, we don't know that the statement would have remained undisclosed. The State had
not turned it over before trial. But the non-discretionary right to a witness's statement is not in
the pre-trial discovery statute; it's in Rule of Evidence 615, which requires production only after
the witness's direct examination. It would be routine for a defendant to ask for a witness's
statement at that point, if none had been provided previously. So as far as we know, the State
would have turned over the witness's statement on a Rule 615 request.

 Fourth, although the Court is very concerned about the failure to disclose the witness's
statement before trial, the Due Process Clause doesn't require pretrial disclosure; it only forbids
nondisclosure at trial -- which did not happen.

 Fifth, there's a little problem of how the defendant would have been able to get his
hearsay statement admitted even after he found out about it.

 Sixth, it doesn't look like the first mistrial was provoked by this "violation." As I
understand it, after the disclosure of the defendant's statement to this witness, there was a delay
because the court told the State to look for other discoverable evidence. During the delay, the
lead prosecutor's relative died, and the defendant asked for the mistrial. It seems to me at least
reasonable that, in addition to his courtesy in the circumstances of the death, the defendant
wanted to have a new trial now that he knew how the State was going to be able to prove that the
defendant shot the deceased. (See pages 8-9 of the opinion for the defense counsel's statements
about being disadvantaged in his trial preparation by not knowing how the State would prove this
fact. But remember, this disadvantage is not a due-process violation.)

II.


 The second mistrial was granted because the State did not disclose evidence about
steroids. This mistrial was necessary only if the defendant wanted to withdraw his waiver of a
jury trial. (A jury had been waived, and the defendant pleaded nolo contendere.) The defendant's
argument about this proceeding being one in which he hoped for an acquittal is incredible to me.
No one pleads guilty or nolo contendere hoping for an acquittal. If he had said that he waived a
jury and pleaded not guilty because he thought he had a better chance for acquittal with the judge
than with a jury, I could believe it. But not that he entered a plea of nolo in hopes of an acquittal. 

 The opinion refers to Article 1.15's requirement of evidence (other than the plea) to
establish guilt in a non-jury trial. But there obviously was such evidence; it was uncontested that
the defendant intentionally killed the deceased.

 If the defendant asked for a mistrial so that he could change his choice of fact-finder, I
might go for it, but that is not his theory.

III.


 I agree that the prosecutor was wrong, wrong, wrong in not giving the discovery that was
ordered. But I do not see that it caused a violation of either the federal or the state jeopardy
clause. I respectfully dissent.


Filed March 21, 2007.

Publish.